AULTMAN ENGINE & THRESHER COMPANY v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

Carriers: DELAY IN TRANSPORTATION: DAMAGES. A shipper of freight is only entitled to recover nominal damages for an unreasonable delay in its transportation, where no actual damages are shown.

Same: DELAY BY CONNECTING CARRIER: LIMITATION OF LIABILITY BY CONTRACT: PLEADING. The undertaking to deliver freight at a point beyond its own line renders a carrier liable for unreasonable delay, though the fault be that of a connecting carrier. And even though it may have contracted against liability for damages caused by a connecting line, still to be available as a defense to such liability the contract must be pleaded.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

FRIDAY, MAY 7, 1909.

REHEARING DENIED FRIDAY, SEPTEMBER 24, 1909.

ACTION for damages resulted in judgment as prayed.

The defendant appeals.—*Reversed.*

*Carroll Wright, J. L. Parish* and *Grimm & Trewin,* for appellant.

*J. C. Leonard,* for appellee.

LADD, J.—The petition alleged: That the Cedar Rapids Supply Company delivered to the defendant at Des Moines, Iowa, on June 11, 1903, a threshing machine feeder to be transported to Blackwell, Okl.; that defendant accepted the same and undertook its carriage as stated, receiving $4.16 as compensation; that defendant failed to carry said feeder within a reasonable time and neglected to deliver the same at Blackwell; that the reasonable value of the feeder was $220; that the date of delivery to defendant was prior to the commencement of the threshing season; that plaintiff had bargained the feeder to a party residing near Blackwell, and, had it been carried there with reasonable dispatch, the purchaser would have received it in time to use in the threshing season of 1903, but, owing to unreasonable delay, the feeder failed to reach its destination in time to be used, and the sale was lost, to plaintiff's damage in the sum of $220. Judgment was prayed for that sum, with freight charges added. The defense was a general denial. It appeared from the evidence that the feeder was shipped from Des Moines June 11, 1903, that it was carried by way of Kansas City, Mo., at which point it was transferred on July 5th to the St. Louis & San Francisco Railroad Company, whose line passes through Blackwell, Okl., and was receipted for by the latter company two days later. It did not arrive at Blackwell until July 27, 1903. Taylor, to whom it was contracted, repeatedly called for it between June 18th and July 25th, departing on the latter date, and it arrived two days later. The testimony indicated that Taylor had executed notes amounting to $165 for the feeder, and also was to turn in an old one at $55. On this showing, together with evidence that a reasonable time for transportation of the goods was four or five days, the court directed

the jury that, if a verdict were returned for plaintiff, the sum of $220 with interest should be awarded as damages.

For all that appears, defendant had not failed or refused to deliver the property on demand, nor had it appropriated the feeder to its own use or to that of others.

1. CARRIERS: delay in transportation damages.

The record leaves it at the place to which it was to be carried, subject to the order of the consignee. Possibly, delay in transportation might be so long as to warrant the inference of a conversion; but, if so, this is not such a case. All that can be said from the evidence is that the jury might have found the time for transportation to have been unreasonable, and allowed nominal damages therefor, as no actual damages were proven. *Clark v. American Express Company,* 130 Iowa, 254, and cases cited therein.

II. Defendant asked that a verdict be directed in its favor on the ground that it delivered the feeder to a connecting line of railway at Kansas City July 5th, and up

2. SAME: delay by connecting carrier: limitation of liability by contract: pleading.

to that time no damages were shown to have been suffered. The motion was rightly overruled. The petition alleged that defendant had undertaken to carry the feeder to Blackwell. That it might do so, and would be liable for unreasonable delay, regardless of the line over which carried, is well settled. *Beard v. Railway,* 79 Iowa, 527; *Mulligan v. Railway,* 36 Iowa, 181; *McLagan v. Railway,* 116 Iowa, 183. True, it might have contracted that it should not be responsible for damages on connecting lines, but no such exemption was set up in its answer. That was a general denial. To avail itself of the benefit of such a contract it must have been pleaded. Section 3629 of the Code provides that: "Any defense showing that a contract, written or oral, or any instrument sued on, is void or voidable; or that the instrument was delivered to a person as an escrow, or showing matter of justification, excuse, discharge or release, and any defense which admits

the facts of the adverse pleading, but by some other matter seeks to avoid their legal effect, must be specially pleaded." By the terms of the shipping receipt the feeder was to be delivered "in like good order, without unnecessary delay to the Cedar Rapids Supply Company, at Blackwell, Okl. . . . As per condition of company's bill of lading." True, thereon were the words: "C., R. I. & P. Ry. Co., Des Moines, Iowa. Received in apparent good order. This company will not be responsible beyond stations on this road. J. C. Pugh, Agent." But defendant had claimed nothing by virtue of this in its answer, and it was surplusage. It tended in no way to negative the allegations of the petition nor to establish any defense pleaded. That the court subsequently instructed on a different theory cannot affect the correctness of the ruling on the motion to direct.

What we have said disposes of exceptions to several of the instructions, and other questions argued are not likely to arise on another trial. See *Nelson v. Railway,* 78 Neb. 57 (110 N. W. 741).—*Reversed.*